UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LILIA ANGELLO, | |
| *Plaintiff,* | Case No. 25-CV-10849 (KMK) |
| v. | |
| BARRETT D. MACK, et. al | TRANSFER ORDER |
| *Defendants*. | |

KENNETH M. KARAS, United States District Judge:

Before the Court is Lilia Angello ("Plaintiff")'s Complaint, filed on December 29, 2025. (*See* Compl. (Dkt. No. 1).) After reviewing Plaintiff's Complaint, the Court determines sua sponte that this case should be transferred to the Northern District of New York.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) "is intended to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 250 (E.D.N.Y. 2010) (internal quotation marks, brackets, and citation omitted). A district court has "broad discretion in making determination of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Romano v. Banc of Am. Ins. Servs.*, 528 F. Supp. 2d 127, 129 (E.D.N.Y. 2007) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (internal quotation marks omitted).

Plaintiff could have brought this Action in the Northern District of New York because she resides in Ghent, New York, and the events alleged in the Complaint took place in Albany,

New York and relate to Plaintiff's matrimonial proceedings in New York Supreme Court, Columbia County, and New York Supreme Court, Appellate Division, Third Department. (*See* Compl. 2–9, 19, 21, 28–50.) Plaintiff also seeks a temporary restraining order and permanent injunction to halt the state court foreclosure proceedings on a property located in Germantown, New York. (*Id.* 2, 10–17.) All of these places fall within the jurisdiction of the Northern District of New York. *See* 28 U.S.C. § 112(a) ("The Northern District [of New York] comprises of the counties of Albany, . . . Columbia, . . . ."). The Complaint's only apparent connection to this District is one Defendant's office address in Rhinebeck, New York, but none of the principal events alleged in the Complaint took place here, and most of the Parties involved in the Action seem to be located outside the District, which weighs in favor of transferring it. *See Jones v. U.S.*, No. 02-CV-1017, 2002 WL 2003191, at *3 (E.D.N.Y. Aug. 26, 2002) (quoting *Berman v. Informix*, 30 F. Supp. 2d 653, 658 (S.D.N.Y. 1998) ("If the 'principal events occurred and the principal witnesses are located in another district,' the locus of facts provides a strong reason to transfer [the action]."); *see also King-Knight v. New York*, 25-CV-1148, 2025 WL 642248, at *1–*2 (S.D.N.Y. Feb. 27, 2025) (transferring a case from the Southern District of New York to the Northern District of New York because the events and parties to the action were located there).

Accordingly, "[f]or the convenience of the parties and witnesses [and]s in the interest of justice," this Court hereby TRANSFERS this Action to the Northern District of New York.  The Clerk of Court is respectfully directed to transfer this Action and terminate the pending motion at Dkt. No. 1.

SO ORDERED.

DATED:        January 12, 2026
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE