# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

**LILIA ANGELLO,**


       **Plaintiff, Pro Se,**

         **v.**


**BARRETT D. MACK, ESQ.;**
**WARREN S. REPLANSKY, ESQ.;**
**ANN M. WEAVER, ESQ.;**
**MICHELLE LEE HASKIN, ESQ.;**
**HEIDI THAIS COCHRANE, ESQ.;**
**PHILIP A. WELLNER, ESQ.,**


       **Defendants**


-----------------------------------------------------------

**PLAINTIFF'S MOTION FOR**
**RECONSIDERATION OF TRANSFER**
**ORDER**


Case no. 25-CV-10849 (KMK)

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF TRANSFER ORDER**

**OR, IN THE ALTERNATIVE, FOR A TEMPORARY STAY OF TRANSFER**

**PENDING RESOLUTION OF PLAINTIFF'S EMERGENCY APPLICATION**

## PRELIMINARY STATEMENT

Lilia Angello is Plaintiff in the Complaint, which she filed on December 29, 2025 in the UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK.

Plaintiff was seeking relief under 42 U.S.C. § 1983, together with an emergency application for a temporary restraining order.

Plaintiff Lilia Angello, proceeding pro se, respectfully moves for reconsideration of the Court's January 12, 2026 Order transferring this action to the Northern District of New York. In the alternative, Plaintiff requests a temporary stay of the transfer pending resolution of her emergency application for injunctive relief.

This motion is not intended to relitigate the merits of venue generally. Rather, Plaintiff respectfully submits that material facts relevant to the § 1404(a) analysis—particularly those bearing on access to justice, imminent irreparable harm, and the practical effect of transfer on a pro se litigant—were not fully before the Court at the time the transfer order issued.

## PROCEDURAL BACKGROUND

1. Plaintiff filed this action in the Southern District of New York seeking relief under 42 U.S.C. § 1983, together with an emergency application for a temporary restraining order.
2. Plaintiff timely paid the required filing fee, mailed on the January 6, 2026, by bank check in the amount of $405 via USPS Priority Mail (Tracking No. 9505 5119 1526 6006 9031 80).
3. On January 8, 2026  $405 was delivered at 1:05 pm at the front desk of the finance department, as per checking above USPS Tracking Status.
4. On January 12, 2026, the Court issued an Order transferring the action to the Northern District of New York.
5. Plaintiff did not receive the Transfer Order until January 19, 2026, due to mailing delays and an intervening federal holiday.
6. Plaintiff brings this motion promptly upon actual receipt of the Order.

## STANDARD FOR RECONSIDERATION

Reconsideration is appropriate where the Court has overlooked facts or legal considerations that might reasonably alter the outcome, or where necessary to prevent manifest injustice. Plaintiff respectfully submits that reconsideration—or at minimum a temporary stay—is warranted here due to the immediate risk of irreparable harm and the effect of transfer on Plaintiff's ability to access the Court.

## ARGUMENT

### I. THE § 1404(a) FACTORS DO NOT COMPEL TRANSFER UNDER THE PRESENT CIRCUMSTANCES

The Court correctly cited 28 U.S.C. § 1404(a), which permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice." Plaintiff respectfully

submits that application of those factors here weighs in favor of retaining jurisdiction, or at minimum staying transfer pending emergency relief.

## A. Plaintiff Is the Party Most Inconvenienced by Transfer

The Transfer Order notes convenience of parties and witnesses. However, Plaintiff is the only unrepresented party, the only party seeking emergency relief, and the party facing imminent loss of property.

Due to health and mobility limitations, Plaintiff is unable to travel long distances by private vehicle without assistance. Travel to Manhattan is accessible to Plaintiff by public transportation, whereas travel to Albany requires private vehicular transportation that Plaintiff cannot undertake independently. This distinction materially affects Plaintiff's ability to appear, comply with court directives, and protect her rights.

Courts routinely recognize that the convenience of a pro se litigant weighs heavily in the § 1404(a) analysis, particularly where access to the forum is at issue.

Several defendants reside or maintain offices in the Southern District of New York, and the foreclosure giving rise to Plaintiff's emergency application is being prosecuted by a New York City–based financial institution.

## B. The Southern District Has Substantial Connections to Multiple Named Defendants and Operative Events

The Transfer Order states that the Complaint's only apparent connection to this District is one defendant's office address. Respectfully, the Complaint reflects multiple, concrete connections to the Southern District of New York.

Specifically, the following named defendants maintain offices within the Southern District of New York:

**Defendant Ann Weaver**, Red Hook, New York (Dutchess County);

**Defendant Warren Replansky**, Rhinebeck, New York (Dutchess County);

**Defendant Philip Wellner**, Rhinebeck, New York (Dutchess County).

Dutchess County lies within the Southern District of New York. These defendants are alleged to have participated in the conduct giving rise to Plaintiff's claims.

In addition, the foreclosure proceedings forming the basis of Plaintiff's request for emergency injunctive relief are being prosecuted by **TD Bank, N.A.**, through counsel located in **New York City**, within this District. The foreclosure action is the immediate source of the irreparable harm Plaintiff seeks to prevent.

Accordingly, the Southern District has substantial and specific connections to both named defendants and operative events central to Plaintiff's claims. While venue may also be permissible in the Northern District, § 1404(a) requires that transfer be clearly more convenient, not merely permissible.

The foreclosure is being pursued by **TD Bank, N.A.**, whose attorneys are located in New York City. Transfer of this action away from the District in which the foreclosure is being prosecuted further impairs Plaintiff's ability to seek timely and effective emergency relief.

## C. Witness Convenience Does Not Support Transfer at This Stage

At this early stage:

- No discovery has commenced;
- No witnesses have been identified;
- No trial has been scheduled.

Moreover, federal courts routinely conduct conferences and emergency proceedings by videoconference. Any future witness convenience concerns can be addressed later without prejudicing Plaintiff's ability to seek immediate relief.

## II. TRANSFER AT THIS JUNCTURE RISKS IRREPARABLE HARM AND MOOTNESS

Since Plaintiff's last filing, circumstances have materially worsened. The commercial property owned by Angello's Distributing, Inc.—in which Plaintiff holds an undistributed marital interest previously recognized by a state court—has now been actively listed for sale.

Transfer of this action at this moment materially compromises Plaintiff's ability to obtain timely injunctive relief and risks rendering her emergency application moot. A temporary stay of transfer would preserve the status quo and allow the Court to address imminent irreparable harm before jurisdiction shifts.

## III. A TEMPORARY STAY OF TRANSFER IS WARRANTED EVEN IF RECONSIDERATION IS DENIED

Even if the Court declines to reconsider the transfer decision, Plaintiff respectfully requests a temporary stay of transfer pending resolution of her emergency application. Courts routinely stay transfer where immediate action is required to prevent irreparable harm.

Granting a brief stay would not prejudice Defendants, none of whom have been served or appeared, and would serve the interests of justice by allowing emergency issues to be addressed promptly.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Reconsider and vacate the January 12, 2026 Transfer Order; or
2. In the alternative, temporarily stay the transfer pending resolution of Plaintiff's emergency application for injunctive relief; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Lilia Angello**
Pro Se Plaintiff
Email: liliapangello@gmail.com

For the following reasons, Plaintiff's Motion for Reconsideration is denied.

First, Plaintiff asks this Court to enjoin the foreclosure of property located in Germantown, New York. However, a court is only empowered to make decisions regarding the disposition of property that is physically within the court's jurisdiction. *See In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 251 (S.D.N.Y. 2004) (Noting that a court is "constitutionally empowered to adjudicate rights to property only when such property is physically located within its own jurisdiction."); *Whittaker v. Van Line Bunkering, Inc.*, No. 18-CV-539, 2018 WL 6179425, at *2 (N.D.N.Y. Nov. 27, 2018) ("In rem jurisdiction is based on the court's power over property within its territory." (citing *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977)). As explained in this Court's previous order, the property in question is located within the Northern District of New York ("NDNY"). Accordingly, NDNY is the appropriate place for Plaintiff's Action.

Second, Plaintiff claims her Action should remain in this Court because it is more convenient for her to travel to Manhattan than Albany. However, this Court is located in White Plains, not Manhattan. *See* District Judge Hon. Kenneth M. Karas, U.S. District Ct., S.D.N.Y. (last visited Jan. 24, 2026), https://nysd.uscourts.gov/hon-kenneth-m-karas (listing this Court's address as The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse in White Plains, New York).

Lastly, as outlined in this Court's Transfer Order, (see Dkt. No. 4), none of the events giving rise to Plaintiff's Complaint occurred in this District. Plaintiff seeks relief from decisions of the New York Supreme Court in Columbia County that were affirmed by the New York Appellate Division, Third Department. The other events giving rise to this Complaint took place in Albany, New York and Columbia County, New York. Therefore, NDNY is the appropriate place for Plaintiff's claim to be resolved because these locations are within its jurisdiction.

Accordingly, Plaintiff's Motion for Reconsideration is denied. The Clerk of Court is respectfully requested to close the pending motion at Dkt. No. 5 and mail a copy of this memo endorsement to Plaintiff.

SO ORDERED.

4/2/2026